

October 10, 2023

Department of the Army

Submitted to usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil

RE: FREEDOM OF INFORMATION ACT REQUEST

Dear FOIA Officer:

This letter constitutes a request under the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552. The Army Combat Fitness Test (ACFT) has undergone significant changes to address gender discrepancies. In 2022, leg tucks were replaced with plank holds to address the comparatively high fail-rate among women.[1] To maintain a strong national defense, the army must uphold exceptional fitness standards and information concerning the communications to remove leg tucks from the ACFT will show the decision-making process to make gender-based accommodations.

To advance the public interest, the Center to Advance Security in America (CASA) requests the following documents:

1. All meeting requests, calendar entries, virtual meeting invitations, call logs and any chats in the relevant virtual platforms (e.g., Microsoft Teams, Zoom, Webex, etc.) pertaining to the development of the removal of leg tucks from the ACFT.

2. We are seeking records on this topic exchanged between and among the relevant following officials:
   a. Fort Moore (Benning) Maneuver School of Excellence
      a. Maj. Gen. Curtis A. Buzzard, Commanding General
      b. Command Sgt. Maj. Jerry L. Dodson, U.S. Army Manuever Center of Excellence
      c. Brig. Gen. Larry Q. Burris, Infantry School Commandant, United States Army Infantry School
      d. Command Sgt. Maj. Jason P. Dein, command Sergeant Major, United States Army Infantry School
      e. Brig. Gen. Michael J. Simmering, Armor School Commandant, U.S. Army Maneuver School of Excellence
   b. Former Sergeant Major of the Army
      a. CSM Michael Grinston, 16th Sgt. Maj of the Army
      b. Gen. James C. McConville, United States Army Chief of Staff
   c. Center for Army Lessons Learned
      a. COL Scott Mueller
      b. COL Jason Faulkenberry
      c. John Amos Mansfield

---

[1] Independent Review of the Army Combat Fitness Test: Summary of Key Findings and Recommendations | RAND



    d. Jose Cajina
    e. Victor M. Guzman
    f. Eric Hillner
    g. Diana L. Keeler

3. We are seeking all emails, text messages, chat sessions, or other forms of written or electronic communication used to discuss the development of the removal of leg tucks from the ACFT containing the following phrases and/or words: "male", "female", "pass", "fail", "core", "gender-neutral", "performance", "recruiting", "standard", "phasing", "health", "general fitness", "physical fitness", "combat fitness", "combat standards", "transgender", "trans", "non-binary", and "gender".

4. All records exchanged by or between any official listed above with any individual working for one of the following media outlets (with suggested email addresses) on the topic of development of removal of leg tucks from the ACFT or also with any of the above search terms from #3:
    a. Politico (@politico.com)
    b. Military Times (@militarytimes)
    c. New York Times (@nytimes.com)
    d. Washington Post (@washingtonpost.com)
    e. NBC News (@nbcnews.com)
    f. ABC News (@abcnews.com)
    g. LA Times (@latimes.com)
    h. CBS News (@cbsnews.com)
    i. Fox News (@foxnews.com)
    j. Wall Street Journal (@wsj.com)
    k. USA Today (@usatoday.com)
    l. Fortune (@fortune.com)
    m. Forbes (@forbes.com)
    n. Vanity Fair (@vanityfair.com)
    o. CNN (@cnn.com)
    p. Associated Press (@ap.com)
    q. George Washington University's Project for Media and National Security
    r. PBS (@pbs.org)

5. All communications exchanged between any of the above officials identified as an employee, agent, consultant, or representative of one of the following organizations:
  a. RAND Corporation
    a. Sally Sleeper, Vice President, Army Research Division; Director, RAND Arroyo Center
    b. Chaitra M. Hardison, Senior Behavioral Scientist
    c. Paul W. Mayberry, Senior Policy Researcher
    d. Heather Krull
    e. Claude Messan Setodji, Senior Statistician and Associate Research Director of Economics, Sociology, and Statistics Department
    f. Christina Panis
    g. Rodger Madison



      h. Mark Simpson, Assistant Policy Researcher
      i. Mary Avriette, Assistant Policy Researcher
      j. Mark E. Totten
      k. Jacqueline Wong
      l. Andrea M. Abler
      m. John A. Ausink
  b. Center for a New American Security
      a. Richard Fontaine, CEO
      b. Paul Scharre, Executive Vice President and Director of Studies
      c. Anna Saito Carson, Vice President of Development
      d. LCDR Stewart Latwin, Senior Military Fellow
      e. Col Ernest Cage, Senior Military Fellow
      f. Lt. Col. Joseph I. Grimm, Senior Military Fellow
  c. Office of Senator Richard Blumenthal
      a. Joel Kelsey, Chief of Staff
      b. Brian Steele, Legislative Director
  d. Office of Senator Jack Reed
      a. Neil Campbell, Chief of Staff
      b. Steven Keenan, Legislative Director
  e. Office of Senator Kirsten Gillibrand
      a. Jess Fassler, Chief of Staff
      b. Gilbert Ruiz, Legislative Director

6. The timeline for the records requested is from January 1, 2019, to December 31, 2021.

"Records" means information and documents of any kind, including: documents (handwritten, typed, electronic, or otherwise produced, reproduced, or stored), letters, emails (including attachments), facsimiles, memoranda, correspondence, notes, databases, drawings, diagrams, maps, graphs, charts, photographs, minutes of meetings, calendar entries, meeting agendas, summaries of telephone conversations, notes and summaries of interviews, electronic and magnetic recordings of meetings, virtual meeting records (including meeting requests, attendees, attached documents, and chats from software such as Zoom, Microsoft Teams, or Webex), and any other compilation of data from which information can be obtained. The term "records" also includes any personal email messages, telephone voice mails or text messages, and internet 'chat' or social media messages. It also includes any attachments to such documents or information.

We prefer to receive the report and all records in electronic format. To the extent practicable, we seek electronic copies of the records in native file format, or, if that is not practicable, with full metadata for all fields. 5 U.S.C. § 552(a)(3)(B) (agency shall provide records in any form or format if the record is readily reproducible in that form or format).

The Center to Advance Security in America (CASA) is a nonpartisan organization dedicated to improving the safety and security of the American people. CASA educates and informs the American people about the actions of their government and its officials that impact their safety; peace and security; democracy, civil rights, and civil liberties; and privacy.



CASA is focused on public education, and all materials and information requested will be disseminated to the public for this purpose. Thus, the disclosure of the requested records would not be to our primary benefit but would be to the primary benefit of the general public. Further, these records focus on an issue of widespread public interest, with potentially vital national security implications: whether the U.S. government is prioritizing military readiness and appropriately using taxpayer resources to keep Americans safe. For these reasons, we request a fee waiver pursuant to the FOIA Act, which provides for fee waivers when: (1) "disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government"; and (2) disclosure "is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); see also see 40 C.F.R. § 2.107(l)(1).

Moreover, CASA is a representative of the news media for purposes of FOIA. See 5 U.S.C. § 552(a)(4)(A)(ii); see also Cause of Action v. Federal Trade Commission, 799 F.3d 1108, 1120 (D.C. Cir. 2015). To wit, CASA is an entity that gathers information, including through FOIA requests such as this one, that is of interest to at least a segment of the population. For example, CASA has launched investigations into the Department of Homeland Security's reference to "false or misleading narratives," which is of interest to Americans concerned about civil liberties, and the meaning of a "diplomatic boycott" of the 2022 Olympic Games, which is of interest to people concerned about human rights and America's relationship with China. See CASA Press Releases, https://advancing-america.org/category/press-releases/.

CASA also takes the information it gathers and uses its editorial skills to turn it into distinct works, which are then distributed to an audience. For example, CASA has already produced several op-eds, see CASA Op-eds, https://advancing-america.org/category/op-eds/, and has provided editorial commentary that has been cited in multiple media reports. See CASA Media, https://advancing-america.org/category/media/. Going forward, CASA intends to continue to gather information, use its editorial skill to turn that information into distinct works, including, but not limited to, press releases, editorial comments to other publications, op-eds and other written works, and social media engagement. See Cause of Action, 799 F.3d at 1122 ("A substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'") (quoting Nat. Sec. Archive v. U.S. Dept. of Defense, 880 F.2d 1381, 1387 (D.C. Cir. 1989)). At minimum, CASA will post distinct works on its website and email them to email list subscribers. CASA will also work with an ever-growing list of journalists to reach its audience. For these reasons, at minimum CASA qualifies for a waiver from search and production costs as a representative of the news media.

If this request is denied in whole or part, please justify all such denials by reference to specific exemptions and provide an explanation of why the Department of Defense "reasonably foresees that disclosure would harm an interest" protected by that exemption or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8). Please also ensure that all segregable portions of otherwise exempt material are released.



If you have any questions regarding this request, please feel free to contact me at james@advancing-america.org.

CASA looks forward to your determination within 20 working days of this request, as is required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).  Thank you in advance for your assistance in this matter.

Sincerely,

James Fitzpatrick
Director
Center to Advance Security in America
1802 Vernon Street NW
PMB2095
Washington, DC 20009
United States